UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES DAVIS :
 :
v. : C.A. No. 19-00390-WES
 :
RHODE ISLAND DEPARTMENT :
OF CHILDREN, YOUTH AND :
FAMILIES :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915. On July 22, 2019, Plaintiff filed his pro se "Motion to Remove" a pending Rhode Island "juvenile court case" to this Court. Plaintiff's Motion was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's suit sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Motion to Remove be DISMISSED WITH PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a

defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This is Plaintiff's third lawsuit in this Court arising from his dissatisfaction with a custody dispute pertaining to his minor son, D.D. In C.A. Nos. 19-146 and 19-151, Plaintiff sought to invoke the Court's jurisdiction to resolve this child custody dispute, and the cases were both summarily dismissed. The facts presented in the present case are nearly identical to those set forth in his two prior cases. Although Plaintiff claims he is seeking to remove the state court "juvenile" case, he independently argues that the very same allegations he presented to the Court in C.A. No. 19-146 and 19-151 support subject matter jurisdiction in this purported removal action.

Specifically, Plaintiff claims violations of the United States Constitution and the Parental Kidnapping Protection Act in connection with custody issues concerning his son. In the present case, Plaintiff seeks to remove to this Court the pending Family Court case. After reviewing the Motion to Remove, I also recommend that the present case be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Motion as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521

(1972). However, even applying these liberal standards of review to Plaintiff's Motion, dismissal is required.

After reviewing the entirety of the pleadings filed in this case, the Court has determined that all of Plaintiff's claims stem from a dispute concerning the custody Order from the State of Georgia and a potentially competing Order entered in Rhode Island. As this Court previously noted, such claims concerning child custody decrees are barred in this Court under the domestic relations exception to federal diversity jurisdiction. Behroozi v. Behroozi, C.A. No. 15-536-S, 2017 WL 933059 at *1 (D.R.I. Mar. 8, 2017). The domestic relations exception divests this Court of subject matter jurisdiction. Moreover, as noted in the dismissal of C.A. No. 19-151, Plaintiff's invocation of the PKPA does not alter the result, since the PKPA "does not create a private right of action in federal court to determine the validity of two conflicting custody decrees." Wasko v. Commonwealth of Puerto Rico, 185 F. Supp. 2d 136, 142 (D.P.R. 2002) citing Thompson v. Thompson, 484 U.S. 174 (1988).

Further, it is improper for this Court to attempt to interfere with the Rhode Island Family Court's pending judicial proceedings. The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), dictates that a federal court may not interfere "with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Plaintiff has shown no extraordinary circumstances. Accordingly, for all of these reasons, I recommend that Plaintiff's latest attempt to involve this Court in the ongoing state child custody dispute be dismissed as legally unsupported and frivolous.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Motion to Remove (ECF No. 1) be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 9, 2019